NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit
Miscellaneous Docket No. 900

MONSANTO COMPANY,

Plaintiff-Respondent,

v.

MITCHELL SCRUGGS, EDDIE SCRUGGS,
SCRUGGS FARM & SUPPLIES, LLC, SCRUGGS FARM JOINT VENTURE,
HES FARMS, INC., MES FARMS, INC., and MHS FARMS, INC.,

Defendants-Petitioners.

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court for the Northern District of Mississippi in case no. 3:00-CV-00161, Judge W. Allen Pepper, Jr.

ON PETITION FOR PERMISSION TO APPEAL

Before MAYER, BRYSON, and DYK, Circuit Judges.

MAYER, Circuit Judge.

## ORDER

Mitchell Scruggs et al. (Scruggs) petition for permission to appeal an order certified by the United States District Court for the Northern District of Mississippi as one involving controlling issues of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. Monsanto Company opposes.

Monsanto owns a patent directed toward inserting a modified gene into crop seeds to cause plants grown from the seed to become resistant to certain herbicides. Monsanto also owns a patent directed toward inserting a modified gene into seeds that

cause a plant to produce an enzyme that is toxic to certain insects that feed off of it. The patented technology is self-replicating such that the progeny of the plants grown with the modified genes will also contain the genetic makeup that allows them to be resistant to either the herbicide or insects.

Monsanto licenses the seeds with the patented technology with certain restrictions, including, inter alia, (1) that the seeds containing the patented technology cannot be sold to growers unless the grower signs one of Monsanto's license agreements and (2) that the grower can only use the patented transgenic seed for planting a single commercial crop per season, thus prohibiting growers from saving seeds and replanting them or supplying seeds to others for replanting. Monsanto states that each bag of seeds contains a notice that a license is required before use.

Scruggs purchased the seeds from seed companies, but never signed a license agreement with Monsanto. Scruggs planted the seeds and after harvesting the plants, retained the new generation of seeds. Scruggs's subsequent crops were planted with those retained seeds, as well as seeds obtained from subsequent generations of crops. Monsanto filed suit, alleging infringement of its patents. The district court issued a preliminary injunction, prohibiting Scruggs from further sale and use of seeds containing Monsanto's patented technology. On cross-motions for summary judgment, the district court found, inter alia, that Scruggs had infringed the patents and that the doctrine of patent exhaustion was inapplicable to this case. The court then issued a permanent injunction and a final judgment and stayed proceedings on damages pending appeal.

On appeal, we affirmed the trial court's infringement and patent exhaustion determinations, holding that the patent exhaustion doctrine was inapplicable because

(1) the initial sale from Monsanto was not an "unrestricted sale" and (2) the second generation of seeds were never "sold." Monsanto Co. v. Scruggs, 459 F.3d 1328, 1336 (Fed. Cir. 2006). We vacated the trial court's permanent injunction determination for reconsideration in light of MercExchange, L.L.C. v. eBay Inc., 547 U.S. 388 (2006). Scruggs filed a petition for certiorari, which was denied by the Supreme Court.

On remand to the district court, Scruggs moved for reconsideration in light of the Supreme Court's decision in Quanta Computer, Inc. v. LG Electronics, Inc., 553 U.S. __, 128 S. Ct. 2109 (2008). The district court denied the motion, explaining that the Court's decision in Quanta merely reaffirmed the proposition that the authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and did not undermine this court's decision in Monsanto. Noting, however, the "wealth of persuasive authority which posits the opposite conclusion, e.g., that Quanta's holding on the doctrine of patent exhaustion is a substantial limitation on the rights of patent holders," the trial court certified the order for interlocutory appeal.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is not warranted. Scruggs may raise these issues on appeal from the final judgment or injunction.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.

FOR THE COURT

MAY - 4 2009
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY - 4 2009

JAN HORBALY
CLERK

cc: James L. Robertson, Esq.
Seth Waxman, Esq.

s19

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: /s/ Tomlinson  Date: 5/4/09