**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MONSANTO COMPANY**                                                                          **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 3:00CV161-P-D**

**MITCHELL SCRUGGS, et al**                                                    **DEFENDANTS**

**ORDER**

This cause is before the Court on the plaintiff's Motion in Limine No. 8 [723]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Monsanto seeks entry of an order precluding defendants, their witnesses, experts and attorneys from making any reference whatsoever to the book L<small>ORDS OF THE</small> H<small>ARVEST</small>, authored by Danies Charles or to Jack Ralph Kloppenberg's F<small>IRST THE</small> S<small>EED</small>, T<small>HE</small> P<small>OLITICAL</small> E<small>CONOMY OF</small> P<small>LANT</small> B<small>IOTECHNOLOGY</small> on grounds that the literary works are inadmissible hearsay, contain hearsay within hearsay and/or should be excluded pursuant to F.R.E. 403 based on the danger of unfair prejudice, confusion of the issues and misleading the jury. Defendants' response in opposition to said motion maintains that they as yet have no idea whether they might seek to offer either of the books identified above at the scheduled trial of this cause; accordingly, they aver that Monsanto's motion is premature. Moreover, they suggest that one or both of the works may be admissible under F.R.E. 803(18), the learned treatise exception to the hearsay rule and that the Court should decline to address Monsanto's Rule 403 objection at present. The Court is persuaded that the wiser course is to withhold ruling as to the admissibility of the subject evidence at this time. Monsanto may raise

this issue again in conjunction with a timely objection at trial, at which time the Court will be better equipped to make a ruling in light of the context in which the evidence in question is offered. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine No. 8 [723] is not well-taken and should be, and hereby is, DENIED

SO ORDERED, this the 27th day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE