**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MONSANTO COMPANY**                                                                   **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:00CV161-P-D**

**MITCHELL SCRUGGS, et al**                                      **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiff's Motion in Limine No. 10 [725]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Monsanto seeks entry of an order precluding defendants, their witnesses, experts and attorneys from making any reference whatsoever to defendants' state law counterclaims on grounds that said claims have been litigated, adjudicated, appealed and have been fully and finally resolved and evidence thereof is, therefore, irrelevant. Monsanto likewise requests entry of an order prohibiting all remarks, testimony or evidence regarding defendants' allegations that Monsanto, including attorneys and investigators retained by Monsanto, "spied" or "harassed" defendants or their customers. Monsanto maintains that such evidence is irrelevant; it further contends that even if relevant, such evidence should be excluded under F.R.E. 403 based on the danger of unfair prejudice, confusion of the issues, misleading the jury and considerations of undue delay and waste of time. After due consideration, the Court finds that the motion is well-taken insofar as concerns evidence of Scruggs' state law counterclaims. However, in light of the defendants' arguments respecting the issue of Monsanto's alleged "spying" or "harassment" of defendants or their

customers, the Court is persuaded that the wiser course is to withhold ruling as to the admissibility of the subject evidence at this time. Monsanto may raise this issue again in conjunction with a timely objection at trial, at which time the Court will be better equipped to make a ruling in light of the context in which the evidence in question is offered.[1]  Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine No. 10 [725] should be GRANTED IN PART and DENIED IN PART, as set forth above.

SO ORDERED, this the 27th day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Notwithstanding the foregoing, defendants are admonished not to raise said issue before the jury without first obtaining the Court's leave to do so