**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MONSANTO COMPANY**                                                                              **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 3:00CV161-P-D**

**MITCHELL SCRUGGS, et al**                                                     **DEFENDANTS**

**<u>ORDER</u>**

This cause is before the Court on the plaintiff's Motion in Limine No. 13 [728]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Monsanto seeks entry of an order prohibiting defendants, their witnesses, experts and attorneys from offering remarks, testimony or other evidence that the provisions of the Plant Variety Protection Act ("PVPA") somehow "trump" U.S. patent law or immunize defendants from damages for their infringement of Monsanto's patented technology. In response, defendants disavow any intention to make such an argument. Instead, they maintain that evidence pertaining to the PVPA may be probative on the factual issues of willfulness and the defendants' state of mind. With those exceptions noted, the Court otherwise finds the plaintiff's motion well-taken.[1] Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine No. 13 [728] is well-taken and should be, and hereby is, GRANTED.

---

[1] Plaintiff has, on more than one occasion, alluded to the jury's role in determining whether an award of enhanced damages might be appropriate. Aside from determining whether defendants' infringement was willful–a prerequisite to the consideration of enhanced damages–it is for the Court alone to decide whether an award of enhanced damages and/or attorneys fees is appropriate.

SO ORDERED, this the 27th day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE