**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MONSANTO COMPANY**                                                    **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:00CV161-P-D**

**MITCHELL SCRUGGS, et al**                                       **DEFENDANTS**

**ORDER**

This cause is before the Court on the plaintiff's Motion in Limine No. 17 [794]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Monsanto seeks entry of an order prohibiting defendants, their witnesses, experts and attorneys from offering any remarks, testimony or other evidence regarding an established royalty, an ex ante opportunity for a reasonable profit, and that damages in this case should be calculated at an amount less than the cost of a new bag of seed containing the traits at issue (e.g. a "windfall" as described by plaintiff). The grounds stated are that the proposed testimony directly contravenes Federal Circuit rulings in prior similar cases. The parties have argued their positions with regard to the foregoing points almost ad nauseam in conjunction with their motions challenging one another's experts. The Court is of the opinion that he made his intentions clear when he delivered his bench ruling at the conclusion of the hearing on the <u>Daubert</u> motions on August 20, 2010. Nonetheless, lest there be any misunderstanding:

1. Plaintiff's motion is well-taken and should be granted insofar as concerns remarks, testimony or other evidence regarding an established royalty;

2. Plaintiff's motion is not well-taken and should be denied insofar as concerns remarks, testimony or other evidence regarding an ex ante opportunity for a reasonable profit[1];

3. Plaintiff's motion is not well-taken and should be denied insofar as concerns remarks, testimony or other evidence that damages in this case should be calculated at an amount less than the cost of a new bag of seed containing the traits at issue.[2]

Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine No. 17 [794] should be, and hereby is, GRANTED IN PART and DENIED IN PART, as set forth above.

SO ORDERED, this the 27th day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In so ruling, the Court in no way intends to suggest that defendants necessarily have to be permitted to make a profit; merely that a reasonable opportunity for profit is one of the applicable factors enumerated in the Georgia-Pacific case and that plaintiffs are entitled to present evidence relating thereto..

[2] Likewise, in ruling on this point, the Court merely affords defendants the opportunity to offer evidence tending to show that a reasonable royalty in this case is some amount in excess of the royalty paid by a licensed grower in conjunction with the purchase of a new bag of seed containing Monsanto's patented traits but less than the cost of a new bag of seed plus said technology fee. Moreover, the ruling is not intended to foreclose the plaintiff from offering evidence that a reasonable royalty should be set at some amount higher than the cost of a bag of such seed plus the technology fee. In short, both parties will be permitted to offer evidence of a reasonable royalty based on their competing damages models at trial. The Court believes this ruling is in keeping with a principled reading of the McFarling III decision.